**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| **CLEAR SPRING PROPERTY AND** § <br> **CASUALTY COMPANY** § <br> **AND CERTAIN UNDERWRITERS** § <br> **AT LLOYDS LONDON SUBSCRIBING** § <br> **TO POLICY NO. B0507RN2200289** § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> **LLANO EQUESTRIAN, LLC,** § <br> § <br> Defendant § | C.A. No. _____ <br> **Rule 9(h) Admiralty** |

**PLAINTIFFS' ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, the Plaintiffs, Clear Spring Property and Casualty Company and Certain Underwriters at Lloyds London subscribing to Policy No. B0507RN2200289 (herein collectively "Plaintiffs"), and file this Original Complaint and Request for Declaratory Judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*., and pursuant to Rule 57 of the Federal Rules of Civil Procedure, and would respectfully show the following:

**I.**

**PARTIES**

1.      Plaintiff CLEAR SPRING PROPERTY AND CASUALTY COMPANY ((herein referred to as "Clear Spring" or "Plaintiff") is a corporation or other business entity duly organized and existing under and by virtue of the laws of Illinois with its principal place of business in Cook County, Illinois.

1

2. Plaintiff CERTAIN UNDERWRITERS AT LLOYDS LONDON Subscribing to policy no. B0507RN2200289 (herein referred to as "Lloyds" or "Plaintiff") is a foreign business entity duly organized and existing under and by virtue of the laws of London, England.

3. Defendant, LLANO EQUESTRIAN, LLC (herein "Llano Equestrian" or "Defendant"), is a limited liability company maintaining its principal place of business in Lubbock, Texas. Llano Equestrian may be served with process through its Registered Agent, Louann Bergstein, at 4508 8th Street, Lubbock, Texas, 79406.

## II.

## JURISDICTION AND VENUE

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as this matter involves a dispute relative to a marine insurance contract. Additionally, this complaint for declaratory relief is brought in accordance with 28 U.S.C. § 2201 *et seq*. under the heading of Title 151 entitled "Declaratory Judgment," and pursuant to Rule 57 of the Federal Rules of Civil Procedure.

5. Venue of this matter is proper in this Court due to the fact that the Defendant is subject to personal jurisdiction in this District. Venue is also proper in this district pursuant to the forum clause in the marine insurance contract between the parties.

## III.

## FACTUAL BACKGROUND

6. Plaintiff Clear Spring issued Marine Insurance Policy, Declaration Number CSRYP/211132, with a period of cover from March 9, 2022 to March 9, 2023 (the "Policy") to the Assured, Llano Equestrian, LLC for the Scheduled Vessel, the FLYING DUTCHMAN, a 1985 124' Lloyds with Caterpillar Twin 1400 HP diesel engine. As part of the Policy, excess coverage

was provided through Plaintiff Certain Underwriters of Lloyd's under cover note B0507RN2200289. The Policy includes an endorsement for Crew Liability extension for three paid crewmembers, none of which include Ms. Heidi Lakstigala. The Policy is also a named operator Policy and further identifies several named operators, none of which include Ms. Heidi Lakstigala. The Policy does not provide any Tender or Dinghy coverage.

7.   On or about September 22, 2022, personnel of Defendant Llano Equestrian took one of Llano Equestrian's personal inflatable boats for a joyride without Defendant's permission, while reportedly intoxicated. This subject boat was an inflatable 2018 Gemini Waverider 1060 (the "Waverider") which was not insured by Clear Spring under the Policy. The Waverider was never a Scheduled Vessel under the Policy, nor was it covered as a tender or dinghy for the Scheduled Vessel, the FLYING DUTCHMAN. The Policy specifically provides on the Cover Note that there is no coverage for any tender/dinghy to the Scheduled Vessel. At some point during this unapproved outing on or about September 22, 2022, the Waverider was wrecked and Ms. Lakstigala allegedly sustained bodily injury (herein referred to as the "Event").

8.   Despite the Policy's terms, warranties, and conditions, Plaintiff Clear Spring did not receive notice of the September 22, 2022 incident or Ms. Lakstigala's claim until on or about April 5, 2023.

9.   Promptly after receiving the first notification, and six months after the subject loss and Event, Clear Spring immediately began review of all information provided and the Policy file. Based on all information obtained and provided, it was determined that the subject personal inflatable boat, the Waverider, was not a Scheduled Vessel under the Policy and Ms. Lakstigala was not one of the three approved or designated hired crewmembers in the service of the Scheduled Vessel at the time of the Event.

10. Furthermore, through additional investigation into the Event and resulting claim, it was discovered that Llano Equestrian may have had additional crewmembers or named operators who were not approved or identified in accordance with the requisite Policy terms, conditions, warranties, and endorsements for coverage.

11. Following the subject Event, on or about March 22, 2023, Heidi Lakstigala filed an Original Complaint in the 20th Judicial Circuit Court of Collier County, Florida against Defendant Pieter Bergstein alleging causes of action as a result of the September 22, 2022 Event involving the inflatable boat, the Waverider. On June 28, 2023, Ms. Lakstigala filed her First Amended Complaint adding Susan Fisher and the Assured, Llano Equestrian LLC for claims related to the Event involving the unauthorized use of the inflatable boat, Waverider. The complaint specifically asserts claims for negligence, vicarious liability, Jones Act, and unseaworthiness of the Waverider. Ms. Lakstigala's action is currently pending as Cause No. 11-2023-CA-001432-0001; *Heidi Lakstigala v. Susan Fisher, Pieter Bergstein, Llano Equestrian LLC*; in the 20th Judicial Circuit Court for Collier County, Florida ("the Underlying Litigation").

12. On July 27, 2023, Clear Spring sent a Reservation of Rights letter to Llano Equestrian advising that Ms. Lakstigala's claims related to the September 2022 Event in the Underlying Litigation are not covered under the Policy as the subject personal inflatable boat is not a Scheduled Vessel under the Policy; Ms. Lakstigala was not one of the three approved or designated hired crewmembers; and Ms. Lakstigala was not working within the course and scope of her employment or in the service of the Scheduled Vessel at the time of the Event. Clear Spring further reserved all rights related to Defendant's breaches of the Policy's, terms, conditions, and warranties, including misrepresentations and nondisclosures in the insurance application including

those related to three paid crewmembers and failure to provide timely notice after of the Event, loss, and claim.

## IV.

## APPLICABLE POLICY PROVISIONS

13.     The Policy issued to the Defendant, contains, in part, the following relevant terms, conditions, obligations and warranties:

**Commercial Yacht Insuring Agreement**

**1. Definitions**

a. 'You and your' refer to the insured named on the declaration page and any person who possesses any legal or beneficial interest in any corporation, trust or entity declared as the owner of the Scheduled Vessel or as an additional assured.

c. 'Covered person,' means you, and/or any person detailed on your application form which has been submitted by you and approved by us, provided that person has been declared to us in writing as an operator of the Scheduled Vessel.

d. 'Scheduled Vessel' means the vessel described on the declaration page, including machinery, electrical equipment, sails, masts, spars, rigging, and all other equipment normally required for the operation and maintenance of the vessel and situate on the Scheduled Vessel, which would normally be sold with the vessel. This does not include spare parts of the Scheduled Vessel, the Scheduled Vessel's life raft, tender or dinghy unless the same has been declared on the declaration page, nor does it include any items being stored on premises other than on-board the Scheduled Vessel.

j. 'Bodily injury/property damage' means bodily injury or property damage occurring during the period of this insuring agreement arising from the ownership and/or use of the Scheduled Vessel.

q. "operate, operation, operating' means to navigate or to be in physical control of or to be at the helm of the Scheduled Vessel.

\* \* \* \* \* \* \* \* \* \*

**2. INSURING AGREEMENT**

This is a legally binding insurance contract between you and us, incorporating in full the application form signed by you. We will provide the insurance coverage

described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

* * * * * * * * * *

**4. Coverage B. Third Party Liability**

If a sum insured is shown under Section B of the insuring agreement declaration page, we provide coverage for any sum or sums which you or any other covered person become legally liable to pay and shall pay as a result of ownership or operation of Scheduled Vessel.

We will settle or defend as we deem appropriate any claims or suits brought against you, using attorneys of our choice where we deem necessary. Our obligation to settle or defend all third-party liability claims under this insuring agreement ends when the amount we pay for damages, investigation costs, legal expenses and removal of wreck equals the sum insured under this section of the insuring agreement.

**Exclusions to Coverage B**

Unless specifically agreed by us in writing and an additional premium paid, Liability cover is not provided for:

i. Covered persons with regard to their liability to you, other covered persons, your spouse, other members of your family or persons who reside in your household.

ii. Your liability to other covered persons, your spouse, other members of your family or persons who reside in your household.

iii. Liability assumed by you under any contract or agreement.

viii. intentional acts.

ix. Bodily injury or death benefits which are required to be or are covered by any State or Federal Act or Statute or any other compensatory statute.

x. Bodily injury or death benefit to any persons employed by a covered person, hired as a crew or not.

**Coverage B, Extension to include Crew Liability**

Subject to our prior written agreement and your payment of an additional premium, we may at your request extend this insuring agreement to cover any sum or sums

you become legally obligated to pay and shall pay to hired crew resulting from injury, illness or death occurring whilst in the service of the Scheduled Vessel.

* * * * * * * * * *

## 9. General Conditions & Warranties

b. This insuring agreement incorporates in full your application for insurance and together with any endorsements issued herein, constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

i. It is warranted that covered persons must at all times comply with all laws and regulations governing the use and or operation of the Scheduled Vessel. We shall not be deemed to provide cover or shall we be liable to pay any claim or provide any benefit hereunder to the extent that the provision of cover, payment of such claim or provision of such benefit would expose us to any sanction, prohibition or restriction under United Nations resolutions or the trade or economic sanctions, laws or regulations of the European Union, United Kingdom or United States of America.

w. Where you are entitled to limit your liability to third parties the maximum recoverable under Section 4 Coverage B, Third Party Liability herein, is the amount you become legally liable to pay or the limit of coverage shown under Section B of the insuring agreement declaration page, whichever is the lesser amount.

xii. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

## 10. Your Duties In The Event Of A Loss

2. Within 30 days of a loss giving rise to any claim hereunder give us written notification of the loss and its circumstances, this term is a condition precedent to our liability hereunder.

6. Submit a claim form and/or statement describing the loss, together with two estimates of repair cost and/or records to substantiate the amount of the loss.

8. Immediately forward to us any legal papers or notices received in connection with the loss.

* * * * * * * * * *

**POLICY ENDORSEMENT 1**

It is hereby noted and agreed that with effect from Wednesday March 9, 2022 Coverage is amended to Private and Pleasure Use Only. Including liability to three paid crew within Combined Single Limit

…

All other terms and conditions remain unaltered.

## V.

## BASIS FOR DECLARATORY JUDGMENT

14. The allegations contained in paragraphs 1 through 13, inclusive, are incorporated by reference as if set forth verbatim.

15. Plaintiffs have no obligation to provide coverage, indemnity or reimbursement to Defendant for the losses or claims arising out of the September 22, 2022 Event and in the Underlying Litigation as the subject Waverider was not a Scheduled, or covered, Vessel under the Policy; Ms. Heidi Lakstigala was not identified or approved as a member of the Defendant's three paid crew in the Policy; and Ms. Lakstigala was not acting within the course and scope of her employment at the time of the subject Event.

16. Further, Plaintiffs have no obligation to provide coverage or indemnity for the September 22, 2022 Event, including in Cause No. 11-2023-CA-001432-0001; *Heidi Lakstigala v. Susan Fisher, Pieter Bergstein, Llano Equestrian LLC*; in the 20th Judicial Circuit Court for Collier County, Florida, as Ms. Lakstigala was not one of the identified and approved three crewmembers for the crew liability extension under the Policy nor was she acting within the course and scope of her employment on a covered vessel.

17. Additionally, Plaintiffs have no obligation to provide coverage, defense, indemnity, or reimbursement to Defendant for the loss or claims arising out of the September 22, 2022 Event

8

to Ms. Lakstigala, including in the Underlying Litigation, as Defendant has violated the conditions precedent, warranties, terms and conditions for coverage under the Policy. Specifically, Defendant's misrepresentations and nondisclosures in the insurance application and Policy procurement, including related to the paid and designated crewmembers, are breaches of the Policy's terms, warranties and condition(s) for coverage.

18.     Plaintiffs further have no obligation to provide coverage, defense, indemnity or reimbursement to Defendant for the loss or claims arising out of the September 22, 2022 Event including in the Underlying Litigation, as Defendant has also failed to meet or comply with other conditions, warranties, and terms for coverage under the Policy. Specifically, Defendant has failed to timely provide notice of the loss to Clear Spring, which is a condition precedent to coverage.

## VI.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Clear Spring Property and Casualty Company and Certain Underwriters at Lloyds London subscribing to Policy No. B0507RN2200289 pray for judgment:

(a) declaring that the 2018 Gemini Waverider 1060 is not a Scheduled Vessel under the Policy and Ms. Lakstigala was not one of the three approved or designated paid crewmembers in the service of a Scheduled Vessel at the time of the September 22, 2022 Event;

(b) declaring that the Defendant breached the terms and conditions of the Policy by making misrepresentations and nondisclosures in the insurance application for the Policy, including related to Llano Equestrian's designated paid crewmembers;

(c) declaring that the Defendant breached the terms and conditions of the Policy by failing to timely report the subject Event, loss, and claim;

(d) declaring that Plaintiffs owe nothing to Defendant under the Policy or otherwise for any claim or loss resulting from the September 22, 2022 Event involving Ms. Heidi Lakstigala aboard the vessel 2018 Gemini Waverider 1060, including but not limited to in Cause No. 11-2023-CA-001432-0001; *Heidi Lakstigala v. Susan Fisher, Pieter Bergstein, Llano Equestrian LLC*; in the 20th Judicial Circuit Court for Collier County, Florida;

(e) declaring that Plaintiffs do not owe coverage, indemnity, or reimbursement to Defendant under the Policy or otherwise for any claim or action pending in Cause No. 11-2023-CA-001432-0001; *Heidi Lakstigala v. Susan Fisher, Pieter Bergstein, Llano Equestrian LLC*; in the 20th Judicial Circuit Court for Collier County, Florida;

(f) for all costs of court; and

(g) for all further relief to which Clear Spring Property and Casualty Company and Certain Underwriters of Lloyds London may show themselves entitled either at law or in equity.

    Respectfully submitted,

**KEAN MILLER LLP**

*/s/ Timothy W. Strickland*
Timothy W. Strickland
State Bar No. 19396298
Stacey T. Norstrud
State Bar No. 24025363
711 Louisiana Street, Ste. 1800 South Tower
Houston, Texas 77002
Telephone: 713-844-3031
Facsimile: 713-844-3030


And

       **MCWHORTER COBB AND JOHNSON, LLP**

       */s/ Timothy T. Pridmore*
       Timothy T. Pridmore (Local Counsel)
       State Bar No. 00788224
       1722 Broadway
       Lubbock, Texas 79401
       Telephone: 806-762-0214
       Facsimile: 806-762-8014

       ***ATTORNEYS FOR PLAINTIFFS,***
       ***CLEAR SPRING PROPERTY AND***
       ***CASUALTY COMPANY AND CERTAIN***
       ***UNDERWRITERS AT LLOYDS LONDON***